IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. NIX, | No. C 08-2757 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| AL FERRANDO and UNITED STATES OF AMERICA, | |
| Defendants. | |

On October 31, 2008, defendant filed a motion to dismiss this lawsuit for lack of jurisdiction. Defendant has filed a proof of service showing that the motion was served on plaintiff by mail at the two addresses plaintiff has provided to the Court. Plaintiff has not filed an opposition to the motion. After consideration of defendant's motion and the declaration of Nancy Borjon, the Court GRANTS defendant's motion and DISMISSES THIS CASE WITHOUT PREJUDICE.

**BACKGROUND**

On June 2, 2008, plaintiff filed this lawsuit against defendants Al Ferrando and the United States of America. According to evidence submitted by defendant, on July 28, 1988, plaintiff filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, and on July 15, 1988, plaintiff filed an application for disability insurance benefits ("DIB") under Title II of the Act. Borjon Decl. ¶ 2. The Social Security Administration ("SSA") approved plaintiff's applications, and as of January 2007, plaintiff was receiving $435.00 in SSI and $525.00 in DIB per month. *Id*. ¶ 3.

At some point, SSA requested that plaintiff provide information in connection with SSA's redetermination of plaintiff's eligibility for SSI. *Id*. ¶ 4, Ex. A. Plaintiff did not respond to the request, and on May 11, 2007, SSA notified plaintiff that because he had not provided the requested information, his SSI benefits would be terminated in June 2007. *Id*. On June 7, 2007, plaintiff met with Al Ferrando, a Claims Representative, at SSA's District Office in San Rafael, California for a redetermination of plaintiff's eligibility for SSI. *Id*. ¶ 5. As a result of the information plaintiff provided during this meeting, on June 14, 2007, SSA notified plaintiff that he was eligible to continue receiving SSI benefits, and that he would receive $435.00 per month, which included $317.00 from the State of California. *Id*. ¶ 7, Ex. C. SSA paid plaintiff $435.00 in SSI benefits for June 2007. *Id*.

On June 28, 2007, SSA notified plaintiff that as of July 1, 2007, his SSI monthly payments would be reduced to $118.00 because plaintiff had moved out of California and was no longer eligible for payment from that state, and that plaintiff was "now due money from the United States Government only." *Id*. ¶ 8, Ex. D. The Notice also stated that "We will reduce your payments as shown above beginning August 2007."[1] *Id*. The Notice informed plaintiff that because he was living in Montana, the amount of money SSA paid him from the State of Montana depended on Montana's rule, and that under those rules, plaintiff was ineligible for a state supplement. *Id*. Ex. D at 2, 8. The June 28, 2007 Notice of Planned Action informed plaintiff that he had 60 days from receipt of the Notice to appeal the decision by requesting reconsideration. *Id*. Plaintiff did not request reconsideration within the 60 days provided by the Notice, nor had he requested reconsideration as of September 16, 2008. *Id*. ¶ 10.

SSA apparently paid plaintiff $435.00 in SSI benefits for July 2007. On July 20, 2007, SSA notified plaintiff that SSA had overpaid him by $317.00 for his July 2007 SSI benefits because plaintiff was not due that money from the State of California. *Id*. ¶ 11, Ex. E. The July 20, 2007 letter stated "You must pay us back unless we decide you shouldn't have to pay us back or we're wrong about the overpayment." *Id*. The letter informed plaintiff that if he disagreed with the decision, he could ask for a waiver, ask for an appeal (reconsideration), or do both. *Id*. Plaintiff did not request reconsideration within the 60 days provided by the letter, nor had he requested reconsideration as of September 16,

---

[1] It is unclear to the Court why the Notice states that plaintiff's benefits will be changed "from July 1, 2007" "through Continuing," but that the reduction in payments was to begin in August 2007.

2

2008. *Id*. ¶ 13. Plaintiff also did not request a waiver. *Id.* Defendant states that because there is no time limit for requesting a waiver, "SSA will consider Plaintiff's complaint as a request for waiver of collection of the $317.00 overpayment, which was incurred in July 2007." *Id.*

On June 2, 2008, plaintiff filed this lawsuit against Al Ferrando and the United States. The complaint provides plaintiff's account of his meeting with Agent Ferrando in 2007, and states plaintiff's cause of action as follows: "Social Security Agent Al Ferrando lied to me about the law, leaving me no choice but to make decisions that resulted in me losing $317/mo in SSI benefits." *Id*. at 2. In addition to apparently seeking restoration of this portion of his monthly SSI benefits, plaintiff seeks a "waiver of penalties I might have incurred prior to my meeting with Mr. Ferrando, as well as waiver of penalties for my inadvertent misstatement to him re car ownership." *Id*. at 5. The complaint also acknowledges that plaintiff did not file an administrative appeal: "Shocked to discover the magnitude of my income loss, I failed to seek administrative appeal before the small window for that had expired." *Id*. at 4.

**DISCUSSION**

Defendant moves to dismiss this case for lack of jurisdiction because plaintiff has not exhausted his administrative remedies. This Court has jurisdiction over cases arising under the Social Security Act pursuant to 42 U.S.C. §§ 405(g) & (h). Under § 405(g), an individual may file a civil action "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Section 405(h) provides that § 405(g) is the sole avenue for judicial review under the Social Security Act. *See* 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed . . . except as herein provided"). The Social Security Act itself does not define "final decision," and the Supreme Court has held that the term should be defined by the applicable regulations. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

The Social Security regulations provide an administrative appeals process involving (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. 20 C.F.R. § 404.900(a)(1)-(4). The regulations also state: "[w]hen you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have

made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." *Id.* at § 404.900(a)(5). Thus, a plaintiff must generally exhaust these administrative remedies prior to filing a claim in court. However, a court may waive exhaustion when the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Briggs v. Sullivan*, 886 F.2d 1132, 1139 (9th Cir.1989)).

Here, plaintiff admits in the complaint that he did not exhaust administrative remedies. Plaintiff has not opposed defendant's motion to dismiss for lack of jurisdiction, and the record is undisputed that plaintiff did not exhaust his remedies. Plaintiff was required to exhaust his administrative remedies because the relief that plaintiff seeks is not collateral to a substantive claim of entitlement: plaintiff seeks the restoration of his California supplementary benefits (despite the fact that according to plaintiff's pleadings, plaintiff does not reside in California). Accordingly, the Court GRANTS defendant's motion to dismiss this lawsuit for lack of jurisdiction.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction. (Docket No. 15).

**IT IS SO ORDERED.**

Dated: December 29, 2008

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that defendant states that it has considered plaintiff's lawsuit as a request for waiver of collection of the July 2007 $317.00 overpayment, and thus plaintiff may still be able to achieve some of the relief that he seeks in this lawsuit through SSA's administrative process.

4